AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| JAMES DAVID ALLEN II | ) Case No. 4:20-mj-70927-MAG |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **July 8, 2020** in the county of **Contra Costa** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |
| | Maximum term of imprisonment: 10 years |
| | Maximum fine: $250,000 fine |
| | Maximum term of supervised release: 3 years |
| | Mandatory $100 special assessment |
| | Forfeiture |

**FILED**

Jul 10 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

This criminal complaint is based on these facts:

Please see the attached affidavit of FBI Special Agent Megan Jakub.

☑ Continued on the attached sheet.

*/s/ Megan Jakub*

*Complainant's signature*

Approved as to form */s/ Michael A. Rodriguez*
AUSA Michael A. Rodriguez

Megan Jakub, FBI Special Agent

*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d)

Date: **July 9, 2020**

*Judge's signature*

City and state: **Oakland, California**   Hon. Donna M. Ryu, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT OF FBI SPECIAL AGENT
## MEGAN JAKUB IN SUPPORT OF CRIMINAL COMPLAINT

I, Megan Jakub, a Special Agent of the Federal Bureau of Investigation ("FBI"), being duly sworn, state:

### OVERVIEW AND PURPOSE OF AFFIDAVIT

This affidavit is submitted in support of a criminal complaint and arrest warrant charging James David ALLEN II (ALLEN), with being a felon in possession of a firearm and ammunition, a violation of Title 18, United States Code, Section 922(g)(1).

Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth herein only the facts that I believe are sufficient to establish probable cause to believe that, on or about July 8, 2020, ALLEN, who was previously convicted of at least one felony punishable by a term of imprisonment exceeding one year, possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

### AFFIANT BACKGROUND

I am employed by the FBI as a Special Agent and have been so employed since March 2016. In my capacity as a Special Agent, I am authorized to investigate violations of laws of the United States, and to execute arrest and search warrants under the authority of the United States. I am currently assigned to a squad in Concord, California that investigates violent crimes in Contra Costa County. Included in my duties is the enforcement of all laws related to illegal possession and distribution of narcotics and other controlled substances, as well as federal firearms violations. During my tenure as a Special Agent, I have participated in multiple

investigations into federal firearms violations and have spoken with other law enforcement officers and confidential informants about the purchase, sale and transport of illegal firearms in and around Contra Costa County, California.

I am familiar with the facts and circumstances of the investigation set forth below through my personal participation; from discussions with agents of FBI, and other state and federal law enforcement agencies; and from my personal review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another FBI agent, other law enforcement officer, or civilian witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

This affidavit is based upon my personal knowledge of the investigation, review of the evidence, and my conversations with other law enforcement officers. This affidavit is a summary of pertinent information and does not contain every fact concerning this investigation known.

## APPLICABLE STATUTE

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who knows that he or she has been previously convicted of a crime punishable by imprisonment for a term exceeding one year to knowingly possess a firearm or ammunition that has traveled in or affected interstate commerce.

## FACTS SUPPORTING PROBABLE CAUSE

On July 8, 2020, at approximately 10:40 a.m., Officer Roberts and Officer Duggan, both of the Pinole Police Department, were dispatched to the area of Emma Drive at Francis Drive in

Pinole regarding a report of a suspicious vehicle that was possibly stolen. Pinole Dispatch relayed that the license plate, BMP5488, was out of Washington State. The vehicle was an older model Toyota Corolla, blue in color.

Upon his arrival at the vehicle, Officer Roberts observed what appeared to be a white male adult who appeared to be sleeping in the driver's seat of the vehicle. Officers Roberts and Duggan approached the vehicle and contacted ALLEN, who was sitting in the driver's seat inside the vehicle and appeared to have been sleeping. Officer Roberts had his department-issued firearm pointed down to his side and instructed ALLEN to put his hands on the steering wheel and keep them there.

Officer Roberts told ALLEN that the vehicle he was in was reported stolen. The vehicle was in an unkempt condition with clothes spread around in the front and back seats. Officer Roberts observed other miscellaneous items and tools inside of the vehicle, and that there was a knife inside of a sheath on ALLEN's left hip. Officer Roberts told ALLEN to keep his hands on the steering wheel and not reach for the knife.

Officer Fernandez, also of the Pinole Police Department, arrived on scene. Officer Roberts instructed ALLEN to move his hands to the back of his head and interlock his fingers, and then guided ALLEN out of the vehicle. Officer Roberts grabbed the knife from ALLEN's hip and handed it to Officer Fernandez. ALLEN was placed in handcuffs.

Officer Roberts conducted a search incident to arrest of ALLEN and no additional weapons were located on ALLEN during this time. Officer Roberts identified ALLEN via a Washington State driver's license located inside ALLEN's wallet. Officer Roberts placed ALLEN in the back of his patrol vehicle and had Dispatch run a records check on ALLEN. ALLEN did not have any wants or warrants. Officer Roberts also had Dispatch confirm the

vehicle identification number of the stolen vehicle and confirmed that it matched the vehicle ALLEN was in.

Officer Roberts conducted an inventory search on the stolen vehicle and located a black Aero Precision AR-15 style rifle on the front passenger floorboard. The rifle was pointed barrel down with the rear stock and fire controls leaning against the front edge of the passenger seat. The position of the rifle made it immediately accessible to the driver's hand and capable of being used. Officer Roberts noticed the rifle had numbers and words written all over it, which appeared to be marked with a marker. Pictures of the firearm are provided below and on the following page.



 

Inserted in the magazine well of the rifle was a loaded, high-capacity 30-round magazine. Another high-capacity 30-round magazine was also attached to this magazine with blue tape. The second magazine was positioned opposite so that the shooter could drop the magazine from the rifle and easily flip it over to insert the other loaded magazine.



Officer Roberts retrieved the rifle and ejected the magazines. He found the fire control switch in the "fire" position. He locked the bolt of the rifle to the rear in order to render it safe and a live round ejected from the chamber. Officer Roberts turned the safety switch on the rifle from "fire" to "safe" and placed the rifle onto the roof of the stolen vehicle. Officer Roberts had Dispatch run the serial number of the rifle, X158510. Dispatch advised the rifle was stolen out of Marysville, Washington.

Officer Roberts continued his inventory search of the vehicle and found a black bag with clothes in the trunk. Underneath the clothes in the bag, he located a third black, high-capacity 30-round magazine with rounds inside. Officer Roberts seized the rifle and all three magazines to be booked into property as evidence.




Officer Roberts placed ALLEN under arrest for 10851 CVC (vehicle theft), 496D PC (possession of a stolen vehicle), 30600(A) PC (transporting an assault weapon), and 25850(C)(2)

6

PC (carry stolen loaded firearm). Officer Roberts read ALLEN his Miranda Rights, which ALLEN stated he understood. When asked about the stolen vehicle, ALLEN stated he would like to talk to his attorney.

Officer Roberts requested a full criminal history report on ALLEN. Dispatch advised that ALLEN was a convicted felon and previously had a charge of being a felon in possession of a firearm. Officer Roberts added a charge of 29800(A)(1) PC (felon in possession of a firearm).

Officer Roberts transported ALLEN to the Martinez Detention Facility. While en route, ALLEN spontaneously stated that officers should have conducted a traffic stop on him. ALLEN said it would have made the day a little more interesting because he would have shot it out with officers. Officer Roberts added a charge of 71 PC (threatening public officer).

While at Martinez Detention Facility, Officer Dugan asked ALLEN what brought him to Pinole. ALLEN stated he was traveling from Washington State to San Francisco to "handle a thief stockbroker." ALLEN would not provide the name or location of the stockbroker but stated he had his address. ALLEN said he got tired on the way so he exited the freeway in Pinole to take a nap.

Officer Roberts booked the rifle and all three rifle magazines into property as evidence. A total of 79 5.56mm rifle rounds were booked into evidence as well. Because the firearm was stolen from Marysville, Washington, it traveled in interstate commerce to be recovered in California. ALLEN also admitted that he drove to California from Washington State, which demonstrates that both the firearm and ammunition found in ALLEN's possession traveled in interstate commerce.

I have examined ALLEN's criminal record and confirmed that he has been convicted of numerous state and federal felonies. In 2013, he was sentenced to 48 months' imprisonment

7

following a conviction in the Western District of Washington for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

## CONCLUSION

Based on the foregoing facts, my training and experience, and consultation with other law enforcement agents with experience in criminal investigation, there is probable cause to believe that James David ALLEN II violated Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm and/or ammunition) on July 8, 2020, while in the Northern District of California.

Under penalty of perjury, I swear that the foregoing is true and accurate to the best of my knowledge, information and belief.

_/s/ Megan Jakub_____
Megan Jakub
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this ___9th___day of July 2020

_____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

8